UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ABDOUN ESTATE HOLDINGS, LLC,

                 Debtor.
_____/

ABDOUN ESTATE HOLDINGS, LLC,

                 Plaintiff,

v.

OUDIA ABDULNOOR, and
MIDWEST HOSPITALITY SERVICES, LLC,

                 Defendants.
_____/

Case No. 21-48063

Chapter 11

Judge Thomas J. Tucker

Adv. Pro. No. 21-4239

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO REMAND

This adversary proceeding is before the Court on the Defendants' motion entitled "Motion to Remand" (Docket # 13, the "Motion"). The Plaintiff filed a response objecting to the Motion (Docket # 20), and the Defendants then filed a Reply in support of the Motion (Docket # 26).

The Court concludes that a hearing on the Motion is not necessary, and that the Motion should be granted for the following reasons.

First, on the one hand, if the removed state court action at issue was no longer pending at the time of the removal, as the Defendants contend but the Plaintiff disputes, then the purported removal was improper, because there was no pending "claim or cause of action in a civil action" that could be removed, within the meaning of 28 U.S.C. § 1452(a), and because this Court has no

"jurisdiction of such claim or cause of action under [11 U.S.C. §] 1334" within the meaning of 28 U.S.C. § 1452(a).

Second, on the other hand, if the removed state court action at issue *was* still pending at the time of the removal, as the Plaintiff contends but the Defendants dispute,[1] each of the Plaintiff's claims in the removed state court action were and are "a State law claim or State law cause of action" within the meaning of 28 U.S.C. § 1334(c)(2), and each of those claims is non-core. By non-core, the Court means that each of the claims were and are, in the words of § 1334(c)(2), "related to" the Plaintiff's bankruptcy case "but not arising under title 11 or arising in a case under title 11." *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 26-28 (Bankr. E.D. Mich. 2009); *Bliss Technologies, Inc. v. HMI Industries, Inc.* (*In re Bliss Technologies, Inc.*), 307 B.R. 598, 608-11 (Bankr. E.D. Mich. 2004) (explaining why a state law claim for breach of fiduciary duty is not a core proceeding); *Loomis Electric, Inc. v. Lucerne Products, Inc.*, 225 B.R. 381, 386 (N.D. Ohio 1998) (state law claims including breach of contract claim are not core proceedings).[2] To the extent the Plaintiff's claims were still pending at the time of the removal, the mandatory abstention provision of § 1334(c)(2) applies to each of the claims, so that this Court *must* abstain; all of the requirements for mandatory abstention are met. *See Lindsey v. Dow Chemical Co.* (*In re Dow Corning Corp.*), 113 F.3d 565, 570 (6th Cir.

---

[1] It is not necessary for this Court to determine whether and to what extent the removed claims or the state court action were still pending at the time of the removal. Whether they were or were not then still pending, the result is the same — remand.

[2] In the Plaintiff's Notice of Removal, the Plaintiff alleged that the state law claims being removed were core proceedings. (*See* Docket # 1 at ¶ 4). But that is clearly incorrect. And the Plaintiff abandoned that contention, in the Plaintiff's objection to the Motion (Docket # 20 at pdf pages 4-6), in which the Plaintiff argued only that the claims are "related to" the bankruptcy case. Claims that are only "related to" the bankruptcy case are non-core.

1997) (listing the elements necessary for mandatory abstention to apply). Such abstention requires a remand to the state court.

For these reasons, the Court must remand to the state court all of the claims that were removed from that court by the Plaintiff's notice of removal filed at Docket # 1 in this adversary proceeding. Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 13) is granted.

2. All of the claims removed by the Plaintiff's notice of removal filed in this adversary proceeding on October 25, 2021 (Docket # 1) are remanded to the Oakland County Circuit Court from whence they came: namely, all claims in case of *Abdoun Holding Estates, LLC v. Oudia Abdulnoor, et al.*, Case No. 2019-177667-CB (Oakland County Circuit Court) (the "State Court Case").

3. Defendants must promptly file a copy of this Order in the State Court Case, and then promptly file proof of such filing in this adversary proceeding.

4. This adversary proceeding now will be closed.

**Signed on December 10, 2021**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**